UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | Case No. 2:05-cr-00098-LRH |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| CEDRIC JACKSON, | |
| Defendant. | |

Before the Court is Defendant Cedric Jackson's ("Jackson") Motion to Proceed in Forma Pauperis (ECF No. 172) and his Motion to Run Violation Time Concurrent to State Sentence (ECF No. 173). The Government filed a Response in opposition. ECF No. 174. Jackson did not file a reply and the time to file any reply has elapsed. For the reasons articulated in this Order, the Court grants Jackson's Motion to Proceed in Forma Pauperis (ECF No. 172) and denies Jackson's Motion to Run Violation Time Concurrent to State Sentence (ECF No. 173).

On February 12, 2007, Jackson was convicted of Interference with Commerce by Armed Robbery in violation of 18 U.S.C. § 1951 and Aiding and Abetting in violation of 18 U.S.C. § 2. Jackson was sentenced to time served with three (3) years of supervised release and $76,000 in restitution. ECF No. 83.

From July to October 2008, the U.S. Probation Office filed three petitions for warrants for Jackson violating his supervised release: 1) shall not commit another federal, state, or local crime (alleged assault on a female on 07/17/08) (ECF No. 86); 2) shall not commit another federal, state, or local crime and shall not unlawfully possess controlled substances (Jackson's arrest for

possession of a controlled substance on 09/15/08) (ECF No. 96 and 98); and 3) shall not commit another federal, state, or local crime (possession of controlled substances on 10/24/08) (ECF No. 102). Ultimately, on December 8, 2008, Jackson admitted to the charges in ECF No. 98 and the Court found him in violation of his supervised release for 1) shall not commit another federal, state, or local crime, and 2) shall not unlawfully possess controlled substances. Jackson was sentenced to eight (8) months imprisonment and twenty-eight (28) months of supervised release. ECF No. 109. All other charges were dismissed. ECF No. 108.

Jackson's supervised release recommenced on July 20, 2009, and shortly thereafter on January 31, 2010, Jackson egregiously violated his supervised release conditions through his involvement in a violent Murder and Attempted Murder. ECF No. 134. On September 17, 2014, in the Eighth Judicial District Court, Clark County, Nevada in Case No. C265339-1, Jackson pled guilty to Second-Degree Murder with Use of a Deadly Weapon (Count 1) and Attempted Murder with Use of a Deadly Weapon (Count 2). On November 19, 2014, Jackson was sentenced to a minimum of fourteen (14) years in state custody. ECF No. 174, 1:14-18. On March 22, 2018, this Court found Jackson in violation of his supervised release (shall not commit another federal, state, or local crime) and sentenced Jackson to twenty-four (24) months imprisonment **consecutive** to State Case No. C265339-1. ECF No. 162.

Jackson now seeks the Court to modify his sentence: "to run the (2) two year violation time in case number 2:05-cr-98-LRH-GWF-2, **concurrent** to the state case number C-265339-1." ECF No. 173, 3:3-6 (emphasis added). However, the Court agrees with the Government that under 18 U.S.C. § 3582(c), courts generally may not correct or modify a prison sentence once it has been imposed, however they may do so under Fed. R. Crim. P. 35(a) if it is within 14 days after sentencing and if it involves an arithmetical, technical, or other clear error. ECF No. 174, 1:23-2:12. The Court notes that Jackson's 14-day deadline expired years ago.

Moreover, even if the Court could modify Jackson's sentence, due to the concerning nature of Jackson's circumstances, it would not. In lieu of making positive changes while on supervised release, Jackson's behavior escalated resulting in convictions for Murder and Attempted Murder with use of a Deadly Weapon. The Court reiterates that 18 U.S.C. § 3624(e) (relating to supervised

2

release) expressly provides, in pertinent part, "A term of supervised release does not run during any period in which the person is imprisoned in connection with a conviction for a Federal, State, or local crime unless the imprisonment is for a period of less than thirty consecutive days." The defendant's term of federal supervised release is merely tolled during the time he is serving prison time upon a state felony conviction and will resume for its unexpired term upon his parole or release from state prison. *United States v. Crane,* 979 F.2d 687 (9th Cir.).

The Court acknowledges and commends Jackson for his completion of classes, employment at Prison Industries Automotive Restoration Shop, and purported no violent write-ups. ECF No. 173, 3:13-26. However, as stated above, the Court cannot correct or modify Jackson's sentence and even if it could, it would not due to the circumstances of Jackson's case.

IT IS THEREFORE ORDERED that Jackson's Motion to Proceed in Forma Pauperis (ECF No. 172) is **GRANTED**.

IT IS FURTHER ORDERED that Jackson's Motion to Run Violation Time Concurrent to State Sentence (ECF No. 173) is **DENIED**.

IT IS SO ORDERED.

DATED this 21st day of August, 2023.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE